**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DIEGO SAUL RIVAS-MONGE,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 23-414<br><br>Agency No.<br>A202-002-121<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Diego Saul Rivas-Monge, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals dismissing his appeal

from an order of an immigration judge denying his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"We review the Board's legal conclusions de novo," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we review its "factual findings underlying its determination that a petitioner failed to establish eligibility for asylum, withholding of removal, and protection under CAT for substantial evidence," *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under the deferential substantial evidence standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Rivas-Monge challenges the Board's finding that he did not experience persecution. Whether an applicant has established past persecution is reviewed for substantial evidence. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). Substantial evidence supports the agency's finding that Rivas-Monge failed to establish past persecution because his alleged harms were not so severe as to rise to the level of persecution.

Rivas-Monge testified to three incidents of harm. The first occurred the day before a national election in March 2014. While wearing a shirt supporting the FMLN political party, he was stopped by two soldiers and a policeman and asked why he was a member of the FMLN. One of the men hit Rivas-Monge in the chest

and told him he had to vote for the opposing political party, ARENA. On election day, Rivas-Monge voted for the FMLN without incident.

A few months later, Rivas-Monge was confronted by members of the 18th Street gang at the phone store where he worked. The gang members demanded that Rivas-Monge sell them phones with chips registered under other people's names. When Rivas-Monge refused, the gang told him he "was in their eyesight" because he had not voted for ARENA in the election. Later that month, Rivas-Monge was stopped by two gang members who asked him again to activate phones for them. When Rivas-Monge refused, the gang members put him in a car and took him to a house where they hit his eye and knee and stole his computer. The gang members told him that since he had not helped them get the phones, he had to join the gang. Rivas-Monge sought medical care and received three stitches. He then reported the third incident to the authorities, and the police said they would open an investigation. The next day, a gang member called Rivas-Monge, asked why he had filed a report, and threatened to kill him. After the phone call, Rivas-Monge left El Salvador for the United States.

The record does not compel the conclusion that the harms Rivas-Monge experienced in El Salvador, even considered cumulatively, rise to the level of persecution. "'Persecution is an extreme concept' that means something considerably more than discrimination or harassment." *Donchev v. Mukasey*, 553

F.3d 1206, 1213 (9th Cir. 2009) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). Rivas-Monge did not suffer "serious injuries" and was not subject to "serious physical violence" akin to the types of beatings, assault, and torture that we have previously held compel a finding of past persecution. *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021); *see also Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006) (finding that a single minor physical assault followed by unrestrained religious expression did not compel the conclusion that petitioner suffered persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (finding that the conclusion that petitioner suffered persecution was not compelled where petitioner was beaten, robbed twice, and threatened by a mob). Although what Rivas-Monge experienced was no doubt frightening, we have recognized that not all negative treatment constitutes persecution. *Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004).

2. Rivas-Monge also has not established an "objectively 'reasonable possibility' of persecution upon return to [El Salvador]." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). Substantial evidence supports the Board's finding that Rivas-Monge failed to establish that the individuals he fears maintain a continuing interest in harming him. Rivas-Monge testified that the two soldiers and police officer who harassed him were removed from his town after he reported the

incident to the mayor, and he never saw them again. The record therefore does not compel the finding that Rivas-Monge's fear of future harm from those men is objectively reasonable. Rivas-Monge also testified that his mother resided in El Salvador unharmed for several years after his departure, and his father has twice traveled back to El Salvador without incident. "The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution." *Sharma*, 9 F.4th at 1066.

Because Rivas-Monge failed to establish past persecution or a well-founded fear of future persecution, the Board correctly found him ineligible for asylum. *See Duran-Rodriguez*, 918 F.3d at 1029. And because Rivas-Monge did not show that he is entitled to asylum, he necessarily did not make the "more stringent" showing required for withholding of removal. *Sharma*, 9 F.4th at 1066.

3. To show eligibility for CAT protection, Rivas-Monge must demonstrate "(1) that he would 'more likely than not' be tortured if removed to [El Salvador], and (2) that the torture would be inflicted with government acquiescence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1)). Substantial evidence supports the Board's determination that it is not more likely than not that Rivas-Monge will be tortured if removed.

"Evidence of past torture is relevant . . . in assessing a particular petitioner's likelihood of future torture." *Ruiz-Colmenares*, 25 F.4th at 751. Because the agency correctly concluded that Rivas-Monge's past harm did not rise to the level of persecution, his past mistreatment necessarily falls short of the definition of torture. *See Sharma*, 9 F.4th at 1067. In addition, the Board correctly determined that Rivas-Monge's generalized country conditions evidence fails to show that he faces a particularized, ongoing risk of future torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022), *as amended*. And Rivas-Monge's "speculative fear of torture is insufficient to satisfy the 'more likely than not' standard." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

**PETITION DENIED.**